UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM HARPER,

      Plaintiff,

         v.                         Case No.3:12-cv-1098-J-12MCR

MARRIOTT HOTEL SERVICES, INC., et al,,

      Defendants.

---

### O R D E R

This cause is before the Court on several pending motions in this case, including Plaintiffs' Motion to Remand (Doc. 11) and Defendants' response in opposition (Doc. 13). For the reasons set forth below, the Court finds that the case is due to be remanded to state court, and therefore will either deny without prejudice or deny as moot the other six (6) pending motions: 1) both of Defendant Marriott Hotel Service's Inc.'s Motions for Summary Judgment (Docs. 5 and 19); 2) Plaintiff's Motion for Continuance in Response to Defendant's Motion for Summary Judgment (Doc. 15); 3) Plaintiff's motion for a hearing on his motion for continuance  (Doc. 16); 4) Plaintiff's motion for a hearing on his motion to remand (Doc. 17); and 5) Defendants' Motion to Strike Plaintiff's Motions [for Hearing] (Doc. 18).

Plaintiff commenced this negligence action by filing his Complaint and Demand for Jury Trial (Doc. 2)("Complaint") in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, "for damages that exceed $15,000, exclusive of attorneys' fees, costs, and interest," because of injuries he sustained in a fall when the handrail in his hotel

bathroom became dislodged as he was exiting the bathtub on or about August 8, 2010. Doc. 2 at ¶¶ 1 and 8-9.

Defendants Columbia Sussex Corporation and CP Jacksonville, LLC, with the consent of Defendant Marriott Hotel Services, Inc., removed the state court action pursuant to 28 U.S.C. § 1332(a), which confers jurisdiction on this Court when the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Plaintiff seeks remand of this case to state court and asserts that diversity of citizenship as well as the $75,000 jurisdictional amount in controversy requirements of § 1332(a) are lacking. For the reasons set forth below, the Court finds that diversity of citizenship is present, but Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court therefore will grant Plaintiff's Motion to Remand.

The Court first addresses the issue of whether diversity of citizenship is present in this case. Plaintiff asserts that although he has been unable to ascertain the name of or to serve Defendant John Doe, this Defendant was and is a Florida resident employed at the hotel at the time of the incident described in the Complaint, whose negligence is alleged to have contributed to the injuries Plaintiff sustained. Plaintiff maintains that as a result, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. §1441(b).

Section 1441(b)(2) provides that an action is removable based upon diversity of citizenship "only if none of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought (emphasis added)." Additionally, §1441(b)(1) states that "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under

fictitious names shall be disregarded." Plaintiff admits that he does not know the identity of John Doe, nor has John Doe been served as a Defendant in this case. The Court finds, therefore, that the fact that Plaintiff has named an alleged Florida resident John Doe as a defendant in this case does not establish that diversity of citizenship is lacking.

The Court now discusses whether the evidence in the record is sufficient to establish the jurisdictional amount in controversy. In support of his demand for damages in excess of $15,000, Counts I through IV of Plaintiff's Complaint assert claims of negligence against each of the four Defendants, and each count states that as a result of each Defendant's negligence, Plaintiff suffered either permanent or continuing, and future "bodily injury and resulting pain and suffering, inconvenience, disability, disfigurement, loss of capacity for the enjoyment of life, the expense of hospitalization, surgery, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." Doc. 2. at ¶¶ 15, 19, 23 and 27.

Whether this case was properly removed to federal court is determined on the basis of Plaintiff's Complaint at the time of removal, and any uncertainties regarding removal must be resolved in favor of remand. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). Because the precise amount of damages Plaintiff seeks is not specified in the Complaint, or otherwise apparent from its face, in order to defeat Plaintiff's Motion to Remand, the burden is on Defendants to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir.

2001). In determining the amount in controversy at the time the case was removed, the Court may consider the notice of removal, as well as relevant evidence submitted. Williams, 269 F.3d at 1319.

Conclusory allegations regarding the jurisdictional amount, without setting forth underlying facts, are insufficient to meet Defendants' burden. Id. at 1320. While the Court may not speculate or guess as to the amount in controversy, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," such "reasoning is not akin to [impermissible] conjecture, speculation, or star gazing." Pretka, 608 F.3d at 752-54. A plaintiff's failure to stipulate as to the amount in controversy, that is, to the total amount of damages sought in the case, is a relevant, but not dispositive consideration in determining whether the case was properly removed. See Williams, 269 F.3d. at 1320.

In addition to the allegations set forth in Plaintiff's Complaint , Defendants' Notice of Removal (Doc. 1) and opposition to the Motion to Remand, point to the following evidence in support of the exercise of the Court's removal jurisdiction:

   1) the statement in a settlement demand letter valuing Plaintiff's claim in excess of $175,000 (Doc. 1 at ¶ 18 and Doc. 1-4);

   2) medical documentation contained in the settlement demand letter describing re-injury to Plaintiff's left knee and subsequent medical treatment including surgery and resulting pulmonary embolism (Doc. 1 at ¶ 19 and Doc. 1-4);

   3) documented medical expenses in excess of $27,000 and lost wages in excess of $16,000 as of the time of removal (Doc. 1 at ¶¶ 20-21 and Doc. 1-5); and

   4) the affidavit of counsel for Defendants providing counsel's opinion after evaluation of the case and documentation supporting the information described in the preceding

4

three paragraphs that the amount in controversy in this case exceeds $75,000 (Doc. 1 at ¶ 22 and Doc. 1-6).

Plaintiff asserts that reliance on the information cited by Defendants would render any determination of the amount in controversy wholly speculative, as the sums of lost wages and medical expenses for Plaintiff amount to some $43,000, well short of the required jurisdictional amount, with insufficient factual basis to project future damages. Plaintiff also notes that Plaintiff's injury was a re-injury of his left knee and so damages and causation may be difficult to prove.  In addition, Plaintiff acknowledges that settlement demands may be utilized to determine the amount in controversy, but the weight to be given such demand depends on the facts and circumstances of the case.

The Court finds that on the record before it, Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.   Plaintiff's' Complaint   provides nothing more than a general description of the types of damages Plaintiff claims to have suffered in an amount in excess of $15,000.   In addition, the specific amounts of lost wages and medical expenses ($43,000) Defendants cite as supported by the record fall well below the jurisdictional amount.  Moreover, the evidence in the record provides an insufficient basis to attempt to calculate any future monetary losses, and would require the Court to speculate impermissibly about  future medical costs and lost wages associated with Plaintiff's injuries, as well as the nature and extent of Plaintiffs' other alleged damages.

The Court also has considered the affidavit of counsel for Defendants opining that in his experience, based upon his review of the documented information in the case, the amount in controversy exceeds the jurisdictional amount. The Court is of the opinion that

5

the facts regarding damages in the record ($43,000 in medical bills and lost wages resulting from re-injury of his left knee, Plaintiff's demand of $175,000, and no information upon which to estimate future medical expenses, lost wages or other damages) do not support counsel's conclusion that the jurisdictional amount in this case is established by a preponderance of the evidence.

For the reasons set forth above, the Court also finds that based upon the record before it, Plaintiff's demand for payment of $175,000 to settle the case should be viewed as puffing or posturing and not sufficient to establish by a preponderance of the evidence that Plaintiff's claim more likely than not exceeds $75,000, exclusive of interest and costs, but only that it potentially may exceed that amount. "Settlement offers commonly reflect puffing and posturing and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." Diaz v. Big Lots Stores, Inc., No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850 at *2 (M.D.Fla. Nov. 5, 2010), citing, Jackson v. Select Portfoloio Servicing, Inc., 651 F.Supp. 2d 1279, 1281 (S.D. Ala. 2009). As stated above, the Court is of the opinion that the specific information in the record regarding Plaintiff's damages does not establish by a preponderance of the evidence that the jurisdictional amount in controversy requirement is met.

Plaintiff also seeks recovery of his costs and fees incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). Defendant opposes the award of any costs or fees.

"Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v.

Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court does not find that Defendant lacked an objectively reasonable basis for removal, based upon the allegations contained in Plaintiff's Complaint and the other record evidence at the time of removal. Accordingly, the Court declines to award costs, expenses or attorney fees pursuant to 28 U.S.C. § 1447(c).

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1.    That Plaintiff's Motion to Remand (Doc. 11) is granted, and this case is hereby remanded to the Circuit Court, Fourth Judicial Circuit, in and for Duval County Florida, with each party to bear their own costs, expenses and attorney fees associated with removal; and

2.    That the following motions are denied without prejudice: both of Defendant Marriott Hotel Service's Inc.'s Motions for Summary Judgment (Docs. 5 and 19), and Plaintiff's Motion for Continuance in Response to Defendant's Motion for Summary Judgment (Doc. 15); and

3.    That the following motions are denied as moot: Plaintiff's motion for a hearing on his motion for continuance (Doc. 16), Plaintiff's motion for a hearing on his motion to remand (Doc. 17), and Defendants' Motion to Strike Plaintiff's Motions [for Hearing] (Doc. 18).

7

**DONE AND ORDERED** this _5ᴛʜ._ day of December 2012.


_Howell W. Melton_
Senior United States District Judge


c:
Clerk of the Circuit Court, Fourth Judicial Circuit, in and for Duval County Florida

Counsel of Record